# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

BRUCE GILES I.D.O.C.#
K96600
PLAINTIFF

- VS -

Gladyse C. Taylor,
Former Acting Director,
SA. Godinez, Acting
Director, Nedra Chandler,
Warden for- Dixon C.C.(STC),
Dirk Dusing, Assistant Warden
for- Dixon C.C.(STC), Michael.-
Callahan, Clinical Services
- Supervisor for- Dixon c.c(STC)
Richard S. Birkey, Warden for-
Illinois River C.C., Leonta L. Jackson-
- Assistant Warden for- Illinois River C.C.,
Ron. Zessin, Clinical Services Supervisor-
- for- Illinois River C.C., Randy. Pfister -
Warden for- Pontiac C.C., Michael.-
- Lemke, Assistant Warden for-
Pontiac C.C., Marc. Hodges, -
Warden for- Lawrence c.c.,
Mark. Storm, Assistant Warden -
- for- Lawrence c.c., Randy. Stevenson,-
- Clinical Services Supervisor for-
Lawrence C.C., Sandra. Funk.-
- Acting I.D.O.C. Manager-
- Transfer Coordinator .......,

__DEFENDANTS.__

INDIVIDUALLY AND IN

THEIR OFFICIAL CAPACITIES .......

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

12-965-JPG

CIVIL ACTION NO. _____

JUDGE: _____

MAGISTRATE JUDGE: _____

### DEMANDED JURY TRIAL

CLAIMING:

Deliberate Indifference, Acting
Under Color of State Law, And
Violations to the 5th, 8th, and 14th,
Amendment of the U.S. Constitution.

**FILED**

SEP - 4 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

## NATURE OF THE ACTION

1. This is a civil action brought under the civil Rights Act of 1871, by 42 U.S.C § 1983, to redress the deprivation, under color of state law, of Rights Secured by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff also seeks - declaratory Relief Pursuant to 28 U.S.C. §§ 2201 and 2202. The action arises from Defend-ants deliberate indifference to the Plaintiffs Serious Medical Mental Health Needs.

2. Plaintiff, Bruce Giles, is and at all times mentioned herein a Mentally ill-inmate of the State of Illinois, in custody of Illinois Department of Corrections (I.D.O.C.), Plaintiff is currently confined in the Illinois Department of Corrections (I.D.O.C.), Lawrence Correctional Center, in the State of Illinois.

3. Plaintiff has (no other Law suits, Pending). All Past Suits in Federal Courts in the united States of Illinois, have been settle and closed. IN THE NORT

1.

## INTRODUCTION

4. Giles is a former Pertrial detainee who was housed at Cook County Jail, Division 8- Residential Treatment Unit, until it closed.

In a Specialized, dorm Style unit, to tend to his Serious mental illness. Giles is also a former inmate who was Placed at Dixon Correctional. Center. (Special. Treatment. Center.) By Psychiatric Health Professionals, at Stateville C.C. (NRC). Due to Plaintiff's, history Serious mental illness.

Was housed in Dixon C.C. (STC), from June, till, September 2010. At all relevant times, Plaintiff, Giles. Suffered, and continues to Suffer, mental illness, which requires Medicinal and therapeutic treatment. Giles, was provided a Safe and Therapeutic Environment for mentally ill, inmates at Dixon C.C. (STC)., which was conducive to Symtom St-

- abilization for inmates with mental illnesses. Giles, had access to day room, mental health professionals daily, yard and gym, Showers phones, daily. Giles was also attending Art Classes, GED Classes, and about to Start Post Traumatic Stress Disorder Groups, and other Therapeutic Services Available, to tend to Giles Mental, health needs. Also afforded Consistent access to psychotropic medication, Supervision by trained health care Staff, and psych trained officers, in how to interact with all mentally ill inmates.

5. Due to Giles exercising his Rights Secured by the U.S. Constitution by way of filing grievance at Dixon C.C. (STC), Officials retaliated by transfering me without me ever getting any disciplinary actions. Upon information and belief, numerous, inmates were retaliated against for invoking there United States Constitutional Rights. Upon information and belief, one of those inmates retaliated against was -
- Mr. James Lohnes ID# B-41524.   2.

6. Giless, was transfered from Dixon c.c.(STC), to Illinois River c.c., he was no longer afforded consistent access to psychotropic medication, Supervision was by non-psych trained officers no therapeutic programs and Services, and limited access to the day room. As a direct consequence of these deprivations, Giless mental illness was exacerbated, causing him pronounced depression, Sleeplessness, increased aggressive behaviors, increase of hearing negative voices, and Suicidal tendencies.

## JURISDICTION AND VENUE

7. This court has original Jurisdiction over this suit pursuant to 28 U.S.C. § 1331 and 28 U.S.C. 1343 (a) 3 because this is a civil action Presenting a federal question and arising under 42 U.S.C. § 1983 and 5th, 8th, and 14th, Amendment to the united States Constitution.

8. The united States District courts for the Southern District of Illinois is an appropriate Venue under 28 U.S.C. § 1391 (b)(2) because it is where the events giving rise to the claim continues to occured.

## Parties And Or Defendants

9. Giles, is at all relevant times a mentally ill-inmate in I.D.O.C. Plaintiff was housed in Dixon c.c.(STC), until September 22, 2010. At At which time he was transfered to Illinois River c.c., then to Pontiac C.C., and now, Lawrence C.C.

3.

10. Defendant, Gladyse C. Taylor is the (former acting director of I.Doc), He was legally responsible for the over all operations of each institution under it's Jurisdiction in I.D.O.C.

11. Defendant, SA. Godinez is the (acting director of I.D.O.C.), He is legally responsible for the over all operations of each institution Under it's Jurisdiction in I.D.O.C.

12. Defendant, Nedra. Chandler, is the (Warden of Dixon C.C.(STC)) She is legally responsible for Security and the welfare of all inmates housed in Dixon C.C. (STC).

13. Defendant, Dirk. Dusing, is the (Assistant Warden of Dixon C.C.(STC)) He is legally responsible for Assisting the Warden in Security and the welfare of all inmates housed in Dixon C.C. (STC).

14. Defendant, Michael. Callahan, is the (Clinical Services Supervisor for- Dixon C.C.(STC).) It is his legal responsibility to ensure all inmates grievances, are adequately process by his Staff and get forward to the next level if it Cannot be rectified at there level.

15. Defendant, Richard S. Birkey, is the (Warden of Illinois River.c. He is legally responsible for Security and the welfare of all – inmates, housed in Illinois River C.C.

16. Defendant, Leonta L. Jackson, is the (Assistant Warden of Illinois River C.C.), He is legally responsible for Assisting the Warden in Security and the welfare of all inmates housed in Illinois River C.C.                4.

17. Defendant, Ron. Zessin, is the (Clinical Services Supervisor - for Illinois River c.c.). It is his legal responsibility to make sure all inmates grievances are adequately process by his staff and get forward to the next level if it cannot be rectified at there level.

18. Defendant, Randy. Pfister, is the (Warden of pontiac c.c.). He is legally responsible for Security and the welfare of all inmates, housed in pontiac C.C.

19. Defendant, Michael. Lemke, is the (Assistant Warden of pontiac C.C.). He is legally responsible for Assisting the warden in Security and the welfare of all inmates housed in pontiac C.C.

20. Defendant, Marc. Hodges, is the (Warden of Lawrence c.c.), He is legally responsible for Security and the welfare of all inmates, housed in Lawrence C.C.

21. Defendant, Mark. Storm, is the (Assistant Warden of - Lawrence C.C.), He is legally responsible for Assisting the warden in Security and the welfare of all inmates housed in Lawrence C.C.

22. Defendant, Randy. Stevenson, is the (Clinical Services Supervisor for, Lawrence C.C.) It is his legal responsibility to make sure inmate grievances, are adequately process by his staff and get forward to the next level if it cannot be rectified at there level.

5.

23. Defendant, Sandra. Funk, is the (Acting I.D.o.c, Manager for Transfer Coordinating.), It is her legal responsibility to ensure, I.D.o.c, inmates are adequately housed, to secure, the security and Welfare of all inmates in the I.D.o.c.

## Factual Back Ground

A. Dixon C.C.(STC) provided a Safer and Therapeutic Environment for mentally ill-inmates.

24. On September 2010, Giles was transfer from (Dixon c.c. Special Treatment Center.), to Illinois River C.C., for retalitory reasons. For filing grievances pertaining discrimination and United States Constitution Violations.

25. upon information and belief other mentally ill, inmates were transfer for retalitory reasons. For exercising the rights secured by the united states Constitution. One of the Seriously Mentally ill-inmates who was also retaliated against, and transfer was James,- S. Lohnes ID.o.c# B41524.

26. Dixon C.C. (STC), was designed and structured to tend to the Statutory Serious Medical Mental needs of mentally ill-inmates. Our living environment was under direct and constant 24 hours per day observation by suffiently trained psych-trained officers and Mental-health Specialists.

6.

27. Dixon C.C. (STC), was also equipped with adequate theraputic . Programs to address and tend to the needs of mentally ill, inmates as my self suffering from various mental illnesses. The programs, that I was attending were, one-on-one, counseling daily, access to mental health specialist, art therapy, access out of cells, daily, showers, phones, yard, gym. I was about to start (PTSD)· groups, to help me cope with my mental illness. And, Giles consistently received the psychotropic medication prescribed to him. Dixon C.C. (STC), greatly improved his mental health condition.

28. It is further stated that on September 2010, Giles, was told he was being transfer for no reason. At all relevant times, Giles, did not receive any disciplinary whatsoever. Without notice why he was being transfered. Plaintiff, was told to immediately gather all of his belongings because he was being transfer.

29. upon information and belief, numerous mentally ill, inmates were transfer for exercising there United States Constitutional Rights, by filing grievances, and were retaliated against, and transfer.

30. upon arrival to Illinois River c.c., Giles was treated prooly and deprived accommodations to assist with his mental illness. I I was told by one officer that they no longer considered me psych-classified. That they would use pepper spray as therapy.

7.

31. Defendants, transfer, Plaintiff, from Dixon C.C. (STC), to Illinois - River C.C., with no plan, whatsoever to continue my mental health treatment and receive my psychotropic medication as prescribed for many years. All therapeutic services were deprived to assist Giles with his mental illnesses, no longer existed.

32. Giles did not receive his psychotropic medication as prescribe for about two weeks. Which lead to Giles's, increase and experiencing hearing negative voices, Anger, paranoia, depression, poor sleep, due to anxiety.

33. Plaintiff, on or about october 2010, Giles, went on a Court writ- to Cook County Jail. But was housed in Stateville C.C. (NRC). With his mental state deteriorating futher due to lack of proper Mental health Care and guidance, and lack of psychotropic medication. Giles, started to experience Suicide thoughts.

34. Giles, was placed on Suicide watch, and Mental health Specialist, place Giles, back on psychotropic medication. And recommended, Plaintiff be send back to Dixon C.C. (STC), due to his serious mental health needs.

35. Despite objection(s) from psychiatric Mental health Professionals not to send Giles, back to Illinois River C.C., due to the high risk of serious harm.

8.

36. Defendants, (Gladyse C. Taylor, former acting Director of I.D.O.C.) And Nedra Chandler, (Warden for Dixon C.C.(STC),) and Dirk Dusing Assistant Warden of Dixon C.C.(STC), Exercise Deliberate Indifference by failing to have an effective plan for transition from Dixon C.C.(STC), to Illinois River C.C. an unstructured and very harsh environment with absolutely (No theraputic programs available), lack of psychotropic-medication, with non psych train-officers on all 3 shifts, 24 hours a day further Segregating me and all mentally ill, behind locked cell-doors, placing me and all mentally ill at risk of Serious harm or death to Self or others.

37. Giles, file grievances on different dates Complaining about the U.S. Constitutional Violations, about Dixon C.C.(STC), and Illinois River C.C., on 2010, and 2011, to no avail and appeal.

38. At all relevant times, Defendant, Michael. Callahan, Clinical Services Supervisor for Dixon C.C.(STC), he is legally responsible for all inmates grievances. But at all relevant times, my grievances were either purposely, delayed, mishandled, disregarded, not process, or treated as request preventing and denying me my rights to the 5th and 14th Amendment, and obtain any remedy.

39. Giles, was send back to Illinois River C.C., and was denied psychotropic medication again, at Illinois River C.C., when Plaintiff, arrived from his Court writ, from Stateville C.C.(NRC), even though it was prescribe to him by mental health professionals at Stateville C.C.(NRC), It was still Continue to be denied at Illinois River C.C.

9.

40. Giles, was at all relevant time's experiencing increase of stress, poor sleep, anxiety, agitation, anger, headaches, and hearing negative voices, due to lack of psychotropic medication as prescribe and treatment. - With total, disregards by defendants, when they had knowledge of Giles, being transfer from Dixon C.C. (STC). Giles, kept insisting to talk to a nurse. Finally did, and eventually got put back on psychotropic medication. Due to Giles, experiencing thoughts of hopelessness, was put back of psychotropic medication. After being denied for sometime. Which placed Giles at serious risk of harm or death.

41. Defendant(s), Richard S. Birky, (Warden of Illinois River C.C.) and Defendant, Leonta L. Jackson, Assistant Warden of Illinois River C.C., exercised deliberate indifference, by continuing to house, Giles in a very harsh, living condition in Illinois River C.C., that was not suitable for mentally ill, inmates. Was treated poorly and deprived accommodations to assist with his mental illness.

42. Defendant, Ron. Zessin, is the (Clinical Services Supervisor for Illinois River C.C.), he is legally responsible for all inmates grievances. I filed emergency grievance, complaining about the transfer from Dixon C.C. (STC), to Illinois River C.C., inadequate housing to tend to Giles serious mental health needs to no avail!, and made hand writing copy, because officials do not provide copies of grievances. Ron. Zessin, even admitted receiving my emergency Grievance. But totally disregarding it. Which violated U.S. Constitution Rights, to the 5th, and 14th Amendments.

10.

43. Giles, was subjected to increase violence resulting from the transfer to Illinois River c.c., and by mixing him (non-mentally ill-inmates.

44. The abrupt displacement proved to be emotionally, physical and psychologically damaging for Giles. As a result of this physical and psychological stress, Giles, was not receiving medication as prescribe.to help him cope with mental illness, Such as hearing voices.

45. On the date of march 1, 2011, Giles went personally to talk to mental health professional, J. Seavey, to complain about not receiving psychotropic Medication as prescribe to help cope with hearing voices.

46. Due to lack of psychotropic medication as prescribe, Giles, experience, hearing voices, poor sleep, paranoia, anxiety, Anger, and depression.

47. On the date of march 4, 11, Giles, went to School, and was being discriminated against, by a non mentally ill, inmate by the name: Acosta Garcia, due to his mental illness. At all relevant times, no officer was in location to prevent and protect all inmates. Garcia, then threatened to Kill, Giles, and Spit, Giles in the face. Giles, in defense push, Garcia, away.

48. Officials, not being in location to prevent and protect the Safety Of Giles, and Others, and also being        put at risk of Serious harm, by mixing non-psych-inmates, with mentally ill, defendants acted with deliberate indifference, and not having psych-trained-officers, also places, Giles, and all mentally ill, at Serious risk of harm or death.

11.

49. As a result of this incident, officials, placed Giles, in Segregation, with total disregards to his mental illnesses, and misunderstanding from Official who where not psych-trained.

50. Because, of these deprivations, 24 hours a day in a cell, Giles, physical, and psychological state deteriorated rapidly.

51. As a result of condition in Illinois River C.C., Giles, attempts to commit Suicide. Plaintiff, repeatedly requested a psychiatric evaluation but was denied by officials in Illinois River C.C., even filed grievances to no avail.

52. Giles, attempted to take his own life by cutting his wrist on the bed frame. Thanks to his cell-mate, by the name, Antonio Duron, prevented him from committing Suicide. Because it is obvious, defendants, in Illinois River C.C., have inadequate suicide preventions that complies with Constitutional Standards.

53. Giles, remained in Segregation after his suicide attempt. And was transfer to Pontiac Correctional Center., Defendants, Knowingly, disregarded, Giles, Serious mental health needs. And continue to put Plaintiff, at very Serious risk of harm or death.

54. Defendants, Randy Pfister, (Warden of Pontiac C.C.), and Michael Lemke, (Assistant Warden of Pontiac C.C.), Exercised deliberate indifference in further Segregating Giles, and all Seriously mentally ill-behind locked cell-doors, 24 hours a day, with non-psych-train-officer, in all 3 shifts. Inadequate Supervision to tend to the needs of all mentally ill. Which placed, Giles, and all mentally ill at high risk of Serious harm or death.

55. Plaintiff, file numerous grievances, concerning the living conditions in pontiac C.C., were unsuitable for all mentally ill-inmates.

56. Defendants, in pontiac C.C., Continue to put Giles's, and all mentally ill-inmates at risk of serious harm or death.

57. Defendants, were deliberately indifference to Giles's, health and Safety. By disregarding his history of attempting to commit-suicide, due to his serious mental illness.

58. Giles, did not consistently receive psychotropic medications as prescribed to him, at pontiac C.C., Giles, did not receive therapeutic services, such as post traumatic stress disorder group, symtom management, stress management, emotional awareness, one-on-one, counseling, school, ect.

59. Defendants, instead, continue to disregard serious medical needs. By knowingly, ignoring, Plaintiff's, history of mental illness, exercised deliberate indifference. By placing him and all mentally ill, 24 hours a day, non-psych-trained-officers, 24 hours a day, on on all 3 shifts, also with no intercom system, and no cameras in all cells. Which placed all mentally ill, at risk of serious harm or death.

60. Defendants, Randy P. fister, Warden of pontiac C.C. and Michael. Lemne, (Assistant Warden of Pontiac c.c.), exercised deliberate indifference, placing Giles, and all mentally ill-inmates, in these extremely harsh and very unsafe living condition not suitable for mentally ill. Also constantly inmate's yelling and kicking cell doors, mice, insects, were allowed to run freely, with disregards to plaintiff's health, and all inmates at pontiac correctional. Center.

13.

61. These conditions at pontiac C.C., proved to be physical and emotionally, and psychologically damaging for the mentally ill inmates including Giles.

62. Defendants, knowingly, disregarded their legal responsibilities to provide mentally ill inmates, including Giles's, with Constitutionally adequate Mental health Care. This pattern of behavior established a systematic, callous, wanton, and, deliberate indifference to the basic medical needs of mentally ill inmates.

63. As a direct and proximate result of defendant's conduct, Giles experienced increased stress, level, sleep deprivation, agitation, headaches, thoughts of hopelessness, nausea, and hearing voices, over all increase tension due being deprived of mental health programs and treatment, and the extremely harsh living conditions in pontiac C.C. Which placed Giles and all serious mentally ill at serious risk of harm or death.

64. Giles, was eventually, transfer to Lawrence C.C. Sometime around September 2011.

65. Defendants, S.A. Godinez, is the (Acting Director of I.D.O.C.), and Marc. Hodges, (Warden for Lawrence C.C.), and Mark. Storm, (Assistant Warden for Lawrence C.C.), exercised deliberate indifference, by continuing to place Giles, and all, mentally ill at very serious Risk of Harm or Death.

14.

66. Living conditions in Lawrence C.C., are not suitable for mentally ill-inmates, including Giles. Giles's, did receive one-on-one counseling, if lucky every 4 to 5 weeks. Only to be place behind-lock cell doors 24, hours a day to fend for himself. Immediately, Giles's started experiencing Sleeplessness, depression, agitation, headaches, anxiety, hearing negative voices.

67. Defendants, exercised deliberate indifference, also by the explosive mixture of non-mentally ill, and mentally ill, amounts to cruel and unusual punishment, which is undeniable. And these conditions puts all mentally ill, and non-mentally ill, at risk of serious Harm or Death to Self and others.

68. Defendants, denied all mentally ill, and non-mentally ill the  Equal Treatment, and Ammenities, and privileges given in every Illinois Department of Corrections Prisoners classified and housed at other level twos and/or Medium Security prisons. Such as Hill C.C., Western IL C.C., Illinois River C.C., Shawnee C.C., Pinckneyville C.C.

69. Level two and/or medium security privileges & Ammenities Other, I.D.O.C., have, that are continuing to be denied by defendants here in Lawrence C.C., are day-room twice a day, shower daily and phones, ice in day room, toilets free from a timers, industries Jobs, access to general Library and daily yard and or gym.

70. Giles's, also did not consistently received the psychotropic medications as prescribe. Giles, was constantly expose to discrimination by non-psych trained officers, and non-psych inmates. Who discrimate due to his mental illness. These lack of training offiers to deal with all mentally ill, in all 3 shifts 24 hours per day, 7 days a week. And this dangerous, explosive mixture of mentally ill-inmates, with non-psych inmates.

71. Defendants, placed every mentally ill, housed at Lawrence c.c., in danger of serious physical and mental harm. Because non-psych-trained officers do not understand the serious needs. And also increase's violence through mixing non-psych-inmates, with mentally ill, such as Plaintiff, and all mentally ill, and non-psych-inmates, are serious Risk of harm or death.

72. Giles, file grievance(s) to no avail. Concerning inadequate Mental Health care. Defendants, were made aware numerous times, and also given notice by signing emergency grievances, and disregarding. The serious Risk of Harm, Plaintiff, and all mentally ill were being put, by all wrongful conducts. That Violated the 5th, 8th, 14th Amendments to the United States Constitution.

73. On or about, February 2012, Giles, was aheaded to the dietary, with his (wing and house 3-A) Due to his mentally illness, Giles, was discriminated by a non-psych-inmate, and during the unprovoked attack, Giles, was threatened and seriously, physically, hurt. Due to Defendants, continue to mix, non-psych inmates, with mentally ill. Which is a direct violation to the 8th Amendment to the U.S. Constitution.

16.

74. At all relevant times, officials were not on location to prevent the attack. Lack of Supervision, fails to take affirmative steps to prevent imminent harm.

75. It is obvious, Defendants, exercise deliberate indifference in that they made many medical decisions based on non-medical factors By the explosive mixture of non-psych, and mentally ill-inmates. And also non-psych-trained officers on every house, on all-3 shifts 24 hours a day, 7 day a week, is an act of deliberate indifference.

76. Giles, was Sent to Segregation immediately, misunderstood, due to officials not being psych-trained, and or/worst to cover for there illegal, United States Constitutional Violations, to the 8th Amendment .

77. Also, Lawrence C.C., living Conditions are extremely harsh and Very unSafe. Further demonstrated deliberate indifference, placing Plaintiff, and all mentally ill, behind locked Cell doors, without adequate Supervisions, to prevent a possible Suicide attempts or harm to Self Or others.

78. This type of environment encourage Some mentally ill, to Commit Suicide. On or around July 2012, Giles's, mental state Continue to deteriorate. Further due to lack of proper mental health Care and guidance . And the beyond extremely harsh, and unSafe living Conditions, being behind locked cell doors 24 hours, a day, took it's toll on Giles, Giles, Started to experience increase Stress levels, thoughts of hopelessness, poor Sleep, hearing Voices.

17.

79. Plaintiff, Suffered physical harm, these deprivations of adequate housing to tend to the Serious needs of all mentally ill, including Giles. Drove, Giles to attempt to take his own life. By cutting his wrist on bed frame. Giles, cell-mate, wake up and prevented Giles from taking his own life. The damage was done, Giles's wrist was cut. Defendants, fail to prevent Plaintiff from attempting to Commit Suicide. Which is Clear and obvious, Defendants have inadequate Suicide preventions.

80. Defendants, Randy. Stevenson, is the (Clinical Services Supervisor for Lawrence C.C.), he is legally responsible for all inmates grievances. Plaintiff, filed numerous, grievances, Concerning united States Constitutional Violations to no avail. Some of Giles, were either purpose delay, mishandled, disregarded, ignored, even distoryed at times. Which is a direct Violation of the 5th and 14th Amendments to the united States Constitution.

81. On or around June 2012, I was approach by Counselor, working (housing unit 6-C), on the first Shift. He was doing his routine check, He then ask me if I needed Something. I Said as a matter of fact I do. I then Stated why are grievance procedures, process in Lawrence C.C., inadequate. He stated I agreed, grievance procedures are inadequate, due to a Shortish of Staff. Until, officials, hire more Staff to handle grievances, it will Continue to be inadequate.

82. At all relevant times, Defendants, Violate due process rights, Secured by the 5th and 14th Amendments to the united States Con-Stitution. A lack of financing is not a defense, to a failure to ensure and protect our U.S. Constitution, and allow all inmates, including Giles, to exhaust our State remedies, instead of preventing us inmates from exhausting State remedies.

83. Defendant, Sandra, Funk, is the (Acting I.D.O.C., Manager - for Transfer Coordinating.) It is her legal responsibility to ensure, I.D.O.C., inmates - including Plaintiff, are adequately housed, Secured, and the Security and Welfare of all inmates, including all mentally ill at I.D.O.C.

84. Defendant, Funk, exercised deliberate indifference in failing in her legal responsibilities to ensure, Giles, and all mentally ill are adequately housed and receive mental health care. Instead Continue to allow me and all mentally ill, to be house and place at Serious risk of harm or death to Self or others. At all relevant times, this deliberate-indifference has cost some mentally ill-inmates there lifes, and continues to put all mentally ill at very serious risk of harm.

## 85. Giles, EXHAUSTED HIS. I.D.O.C. ADMINISTRATIVE REMEDIES

Grievances, filed in Illinois River c.c., Pertaining numerous united States Constitutional Violations, and inadequate mental health care, which put me at risk of Serious harm. Such dates: 8?10, 8-25-10, 2-3-11, 3-1-11, 3-9-11, 3-17-11, 3-21-11, 3-22-11, 3-31-11, 3-25-11, 3-26-11, And appeal to no avail.

86. Grievances filed at pontiac C.C., Pertaining numerous, united States Constitutional Violations and inadequate mental health care, which puts, Plaintiff at Serious risk of harm or death. Such dates, 4-23-11, 5-1-11, 5-2-11, 5-14-12, 6-23-11, 8-20-11, And appeal to no avail.

87. Grievances filed at Lawrence c.c., pertaining numerous united States Constitutional Violations and inadequate mental health Care, Which put me at Very Serious risk of harm or death., Such dates, 9-24-11, 10-28-11, 10-30-11, 11-4-11, 1-25-12, 2-25-12, 3-12-12, 4-13-12, 4-24-12, 5-14-12, 5-24-12, 6-10-12, 6-13-12, appeal. Some of Plaintiff's, grievances were either destroyed, mishandled, or dis-regarded, and processed as requests, therefore taking away Plaintiff's rights and/or opportunity to appeal the decisions. Which, Giles's, has Copies of Such grievances. Plaintiff in this Civil action have exhausted all of his remedies available at I.D.O.C., to NO AVAIL.

## CAUSES OF ACTION

Giles's Section 1983, Fifth, Eighth, and Fourteenth Claim against Defendants, Taylor, Godinez, Chandler, Dusing, Callahan, Birkey, Jackson, Zessin, Pfister, Lemke, Hodges, Storm, Stevenson, Funk, Individually and in their official Capacities. Based on Retaltory Transfer from Dixon C.C.(STC), to Illinois River C.C., Pontiac C.C., Lawrence C.C., and the Displacement of all mentally ill- including Plaintiff.

88. Plaintiff realleges and incorporate by paragraphs 1-88 if fully alleged herein.

89. Giles, has mental illness that Constitutes an objectively Serious medical need that posed a Substantial risk of harm or death.

90. Defendants, Taylor, Godinez, Funk, Chandler, Dusing acted with deliberate indifference to Plaintiff's health and Safety when they moved Plaintiff, and all mentally ill-inmates, including Plaintiff, housed at Dixon C.C.(STC), to the General Population of Illinois River C.C.

91. Defendants, Taylor, Godinez, Funk, chandler, Dusing Knew of the danger posed to Plaintiff by removing him from the therapeutic atmosphere of Dixon C.C.(STC), because of express Warning of Giles's mental health, history of attempts of Suicide due to his Serious Mental illness. Defendants, Knowingly, ignored this risk of Serious Harm by moving Giles, Despite the instructions of mental health Speacilist, from Stateville C.C.(NRC), to the Contrary.

92. Defendants, Birkey and Jackson, acted with deliberate indifference to Plaintiff's, health and Safety, by housing, Giles, and all mentally ill, who were transfer from Dixon C.C(STC), to Illinois River.C.C (Were it is not designed and Structured to tend to the Statutory Serious medical mental needs of all mentally ill.

93. Defendants, Exercised Deliberate Indifference by failing to properly administer mental health treatment in a consistent and Continuous manner. Nothing that there was no effective Plan for transition from Dixon C.C.(STC), to Illinois River C.C., Giles's, and all mentally ill, inmates were moved with no plan, available whatsoever for Continued Mental Health Care. Because of this failure on the Defendants parts the physical, and psychological State of Plaintiff's, has been deteriorating rapidly day by day.

94. Defendants, Birkey, and Jackson, Knowingly, ignored the serious risk of harm or death. By housing Giles's, and all mentally ill, behind locked cell doors, with non-psych-inmates. Not having psychtrained-officers available 24 hours a day, on all 3 shifts, 7 days a week does not constitute a proper system that can identify, treat and supervise mentally ill, inmates whom my be suicidal which is part of an adequate mental health program. Currently, Giles's, attempts to commit suicide, due to the inadequate housing to tend to the serious needs of mentally ill, and inadequate suicide preventions, improper administration of psychotropic medication. Which placed Plaintiff, and all mentally ill, at Risk of serious Harm or Death, to self or others.

95. Defendant, Ron. Zessin, is the (Clinical Services Supervisor for Illinois River C.C.) It being his legal responsibility to process inmates grievance and ensure his staff forward them to the next level if the grievance cannot be rectified at his level. His actions in that he took and treated, mishandled, disregarded, distroyed, delay and ect. Several of Plaintiff's grievance pertaining to psychiatric care- and ect. Denying the Plaintiff's rights to appeal a decision or a response that did not solve his serious issues. The intentional mismanagement of Plaintiff's, · Grievance constitutes deliberate-indifference to the Plaintiff's Rights, under the 5th and 14th Amendment of the U.S. Constitution. Which is a direct violation of Plaintiff's Due Process and Equal Protection of the law.

22.

96. Defendants, Pfister, and Lemke, acted with deliberate indifference to Plaintiff's, health and Safety, by housing, Giles, and all mentally ill-inmates in Segregation, Maximum-Security, behind locked cell-doors 24 hours a day, placing Giles's, and all mentally ill at Serious risk of harm.

97. This indicates that there is a prevailing custom, if not policy, or practice, of ignoring the Serious, and physical, psychological needs and Constitutional Rights, of Plaintiff's, and all mentally ill, by continuing to place all mentally ill at risk of Serious harm. Instead of ensuring the Safety and health of plaintiff, and Constitutional Rights.

98. Defendants, exercised deliberate indiffere by failing to have psych-trained Officers who are Qualified to address the needs of all mentally ill, available in every house at pontiac C.C., 24 hours a day, on all 3 shifts 7 days a week. Also, placing all mentally ill, behind locked cell doors 24 hours a day with no cameras or intercom system therefore placing all mentally ill-inmates at a very Serious Risk of Harm. Inadequate, improper administration of psychotropic medication, inadequate Suicide prevention, and in Sufficient Staffing of qualified, psych-trained officer, is a direct Violation of all mentally ill, including Giles's rights with respect to all 3 practices.

99. Defendant, Hodges, and Storm, acted with deliberate indifference to Plaintiff's health and Safety, by housing Giles's, and all mentally ill, in Lawrence C.C. unsuitable for all mentally ill-inmates. By placing all mentally ill, behind locked cell doors 24-hours a day, with non-psych-inmates is a high potential of putting all mentally ill-inmates at very Serious risk of harm and/or death. When officials, ignor and have knowledge of mentally ill history of attempts of Suicides, Such as Plaintiff. But at all relevant times disregard these Serious Mental health needs, and Safety, by Continuing this wide spread Custom or Pattern of knowingly, disregarding the medical needs of mentally ill, for many Years is a direct Violation of the 5th, 8th, and 14th Amendment of the United States Constitution.

23.

100. Defendants, acted with deliberate indifference by also denying day-room, showers daily, phones daily, also having timers on toilets on flushes yard and gym, daily, general Library, and ect. When other level two and/or medium Security, I.D.O.C., prisons, allow all these equal treatments and ammenities, and privileges. This type of harsh living environment may encourage some mentally ill-inmates including Plaintiff to commit Suicide or bring upon them Suicidal thoughts, Placing them all mentally ill- at very Serious Risk of Harm or Death. And is a direct violation of the 5th, 14th, 8th Amendments to the united States constitution.

101. Defendant, Stevenson, is the (Clinical Service Supervisor for Lawrence c.c.), It being his legal responsibility to process inmates grievances and ensure his staff forward them to the next level if the grievance cannot be rectified at his level. It is action in that he took and treated, mishandled, dis regarded, distroyed, delay, and ect, Several of Plaintiff's grievance pertaining to psychiatric care. Denying the Plaintiff's rights to appeal a decision or a response that did not Solve his issues. The intentional mismanagement of Plaintiff's grievance Constitutes a deliberat to the Plaintiff's rights, under the 5th, and 14th Amendment of the U.S. Constitution, Which is a direct violation of Plaintiff's, Due Process and Equal Protection of the law.

102. As a result of Defendant(s), deliberate indifference, Plaintiff Suffered Physical injuries, including increase Stress levels, Sleep deprivation, lost of hair in certain Spots, agitation, headaches, depression, and hearing voices, Permanent Scars on Plaintiff's wrist from attempted Suicides, and over all increase tension.

24.

103. Plaintiff, Giles's Section 1983, Fifth, Eighth, and Fourteenth Amendment Claim Against all Defendants, Taylor, Godinez, Chandler, Dusing, Callahan, Birkey, Jackson, Zessin, Pfister, Lemke, Hodges, Storm, Stevenson, Funk Based on the Deprivation of Medical and psychiatric Services within I.D.O.C., are a failure to adequately staff, train, and hire, personnel in I.D.O.C, Prisons Such as Illinois River c.c., Pontiac C.C. And Lawrence C.C., and to protect manage all mentally ill-inmates. Failure to provide adequate housing to tend to the Serious needs of mentally ill-inmates, is a direct Violation of the 5th, 8th, 14th, Amendment, to the United States Constitution.

104. Plaintiff, Giles, has a mental illness that Constitutes an objectively Serious medical needs that posed a Substantial Risk of Harm.

105. Defendants, Taylor, Godinez, Funk, Chandler, Dusing acted with deliberate indifference, to Plaintiff's health and Safety when they moved Giles, from Dixon C.C.(STC), to Illinois River C.C., Providing very limited psychiatric Services in Illinois River C.C., in which these Services necessary to Giles's well-being were unavailable.

106. Defendants, knew of the danger posed to Plaintiff and all mentally ill, when Plaintiff, has a history of Suicide attempts due to his Serious mental illness. And also, express warnings by professional Mental Health Staff, who recommended twice Giles's be house in Dixon C.C.(STC). Defendants, totally disregarded Plaintiff's, health and Safety. And medical professionals instructions to the Contrary.

25.

107. Defendant, Callahan, is the (Clinical Services Supervisor for Dixon c.c.(STC), he is legally responsible for all inmates grievances. But at all relevant times allowed his staff, to either, mishandle, delay, disregard, destory or treated my grievances as a request preventing and denying Plaintiff's, Rights to the 5th and 14th Amendment, and obtain any remedy.

108. Defendants, Birkey, Jackson, acted with deliberate indifference to Plaintiff's, health and Safety, by the Systematic and gross deficiencies, in Illinois River c.c., to house all mentally ill, with posed a Serious Risk of Harm or Death to Self or others.

109. As a result of these deficiencies, Plaintiff, and all mentally ill, in Illinois River c.c., were effectively denied access to Constitutionally Sufficient Medical and psychological treatment and care during his incarceration.

110. These deficiencies within Illinois River c.c., were So wide spread and obvious, that they clearly evidenced to the defendants, that the Constitution rights of all mentally-ill, including. Giles's, would be violated.

111. Defendants, failure to Sufficienty hire, train, or Supervise, Illinois River c.c., with respect to handling of plaintiff's Serious mental health needs Constituted Deliberate Indifference to Plaintiff's Constitutional Rights.

112. This failure to properly hire, train, or Supervise Caused, Plaintiff mental and physical, Suffering, and compensatory, damages are necessary to compensate, Plaintiff for his irreparable injuries, damages Sufferings, at the hands of defendants.

26

113. Defendant, Zessin, is the (Clinical Services Supervisor for Illinois River C.C.) he is legally responsible for all inmates grievances. But at all relevant times, Plaintiff's grievances were either mishandled, disregarded, not process, even when filed emergency, and defendant. personally stated to plaintiff he received such grievance. Denying the, Plaintiff's rights to the 5th and 14th Amendment, and obtain any remedy.

114. Defendants, Pfister, Lemke, acted with deliberate indifference in failing in their legal-responsibilities to provide mentally ill with adequate mental health care and adequate suicide preventions that Complies with Constitutional-Standards, Also, forcing mentally ill, to be behind look cell door 24 hours a day. Which increase, thoughts of Suicides, which incident and medical report will reflect such arguements.

115. Also, not having psych-trained-officers available 24, hours a day, on all 3 shifts, 7 days a week, does not constitute a proper system that can identify, treat, and supervise mentally, such as Plaintiff, whom may be Suicidal which is part of adequate mental health programs. But at all relevant times, defendants, put all mentally ill-at Risk of Harm, which violates the rights afforded the Plaintiff's under the 8th Amendment of the U.S. Constitution.

116. Defendants, Knowingly, ignored the Risk of Serious Harm or Death, to all mentally ill including Plaintiff. By Knowingly, ignoring the extensive history of Prior Suicide attempts. Defendants, deliberate indifference, fails to ensure appropriate Management of Suicidal, Mentally-ill-inmates, and also lack Major Components of an adequate Suicidal Prevention Programs. These customs or Patterns of behavior were so widespread and evident that it was clear to Defendants that a failure to act would result in harm to Plaintiff. Which Violated the 8th Amendment to the united States Constitution.

27.

117. Defendants, Hodges, and Storm, of Lawrence C.C., acted with deliberate indifference, by placing all mentally ill · and non · mentally ill at Serious Risk of Harm. By forcing non-mentally, and mentally to Share a Cell. It is the duty of the Staff and not the non · psych inmates to provide Surveillance over Suicidal. Mentally ill · inmates. Which, Place's all mentally ill · and · non · PSYCH-inmates at risk of Serious Harm or Death. Which, Violates the 8th, Amendment to the united states Constitution.

118. Defendants, exercised deliberate indifference in failing in their legal responsibilities, to hire and train · officers to tend to the Serious needs. Of all mentally ill-inmates. This has resulted in increased false reports, mis-understanding, cover ups discriminations. Because officers do not underst-and the Serious mental needs of all mentally ill. Place's, all mentally ill, non-mentally, and officials at Very Serious Risk of harm or death. Which can be Substantiated through Lawrence C.C., incident and reports.

119. Also, It is further Stated that, Lawrence C.C., is extremely harsh and very unsafe, placing all mentally ill, including Giles's at risk of Serious harm. By being in a cell all 24 hours a day, with non · psych · inmates, which has increase stress levels, Sleep deprivations, agitation, head aches, depression, hearing voices, Anger, nausea, anxiety attacks, Chest pains, and tension. Lawrence C.C., also does not have, no day rooms, no daily Showers, no daily yard, and gym, phones, no general Library, timers on toilets flushes, which are in very close proximity to our beds and un Sanitized. Also, Lawrence C.C., is infested with mice and roaches and · insect, that are allowed to roam freely. The mice and roaches have on num-erous occasions Climed into, Plaintiff's property boxes damaging commissary items. Mice and roaches Spread germs and diseases, and Plaintiff and all mentally ill, and non · psych are at Very Serious Risk of Germs and · Diseases.

28.

120. Defendants, knew of all these Serious Risk of Harm, or Death. But none-theless failed to act to protect Plaintiff from Serious Harm. On, July 2012. Plaintiff, Suffered physical injuries including increase stress levels, sleep deprivation, agitation, headaches, depression, and increase tension to the point as far as Plaintiff, attempted to take his own life by cutting his wrist on bed frame. Due to his cell-mate waking up. Giles's, did not commit Suicide. Eventually, Giles, told Mental Health Professionals, which they stated, Such as psychiatrist, appointed to plaintiff. Stated I know, Lawrence C.C., is not Safe for no mentally ill- at all. But you need to complaint to Officials. Plaintiff, has filed Complaints, numerous times, by way of emergency Grievance's to Warden, to no avail.

121. Defendant, Steve Son, is the (Clinical Services Supervisor for Lawrence C.C.). He is legally responsible for all inmates grievances I filed numerous, grievance, to no avail. He exercised deliberate indifference, by not ensuring his Staff adequately process Grievance in a timely manner. Plaintiff's, grievances, were either mishandled, disregarded, destroyed before, being processed, or were processed as request to aviod issuance Of a Control number. I, have numerous copies, of grievance's not answered. I Complaint time after time about this ongoing issue, one of Lawrence C.C., Counselors, working 6 house, agreed Grievance procedures are inadequate I, filed a Grievance the Same day, which, I have copies of grievance. Plaintiff, even appealed to the John Howard Association, which Plaintiff, also has Copies of. Grievance, procedures Did Not Improve Effectively-Eliminating Giles's, Right and Ability to Utilize, I.D.O.C., grievance Procedures to obtain Redress for the Wrongs he has Suffer and Continues too.

29.

122. Defendant(s), Taylor, Godinez, Chandler, Dusing, Callahan, Birkey, Jackson, Zessin, Pfister, Lemke, Hodges, Storm, Steveson, funk of the - Illinois Department Of Corrections, Such as, Dixon C.C. (STC), Illinois River C.C., Pontiac C.C., and Lawrence C.C., all defendants, named above, have this pattern of behavior established a Systematic, Callous, Wanton and - deliberate indifference to the Serious Mental·Medical, needs of Plaintiff and all Serious Mentally ill·inmates.

123. Defendants, have a Wide Spread-Custom or pattern of Knowingly, disregarding the Serious medical needs of Mentally ill·inmates with Serious medical needs:, and failing to investigate, Consider, and respond to Plaintiff's medical grievances Seeking adequate Mental Health Care, and Safe housing to tend to the needs of all mentally ill, and Physical and psychological attention.

124. These Customs or patterns of behavior were So Wide Spread and evident that it was clear to defendants that a failure to act would result in harm to Plaintiff.

125. Defendants, knew of the very Serious RiSK, but none theless failed to act to protect Plaintiff's Safety and Health· Instead exposed to a Serious RiSK Of Harm or Death.

126. This failure to act Constituted deliberate indifference to Plaintiff's Health and Safety.

30.

127. AS a result of this deliberate indifference, to Plaintiff and Suffered, irreparable, injuries and damages, and have become a victim of. And will Continue to Suffer irreparable damages. And mental and physical Serious harm. At the hands of the defendant(s)

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request(1) Compensatory damages in an amount to be determined Sufficient to Compensate Plaintiff for the Defendants', Constitutional Violations; (2) declaratory relief; and (3) any other relief Which this Court May deem Just and proper .......

Date: 8-17-12

Respectfully Submitted
Bruce Giles I.D.O.C.# K-96600
BRUCE GILES
Pro Se - Plaintiff

31.

IN THE UNITED STATES DISTRICT

COURT,   FOR THE SOUTHERN DISTRICT OF  ILLINOIS

Bruce Giles (#K-96600)                    )

         Plaintiff,                      )

                          )

vs                                        )

Director(s) of I.D.O.C., et al.,          )

*orgainal*
Please Send me a copy of
Stamp and receive. There's 17 Copies
one for defendants, courts, and myself
Plaintiff Giles. Thank You in advance!

## N O T I C E   O F   F I L I N G

To: Gladyse Taylor(Fmr. Act., Dir.)
    S.A. Godinez(Act. Dir.)
    Sandra Funk(Act. IDOC Mgr. Transfer Coor.)
    1301 Concordia Court
    Springfiled, Il. 62794-9277

To: Illinois River Corr. Ctr.,
    Leonta L. Jackson(Ass. Warden)
    Ron Zession(Clinical Services Sup.)
    1300 W. Locust, P.O. Box 999
    Canton, Illinois 61520

To: Pontiac Corr. Ctr.,
    Michael Lemke(Ass. Warden)
    Randy Pfister(Warden)
    700 W. Lincoln Street, P.O. Box 99
    Pontiac, Illinois 61764

To: Dixon Corr. Ctr. (STC)
    Nedra Chandler(Warden)
    Dirk Dusing(Ass. Warden)
    Michael Callahan(Clinical Services Sup.)
    2600 N. Brinton Ave.
    Dixon, Illinois 61021

To: Lawrence Corr. Ctr.,
    Marc Hodges(Warden)
    Mark Storm(Ass. Warden)
    Randy Stevenson(Clinical Services Sup.)
    10940 Lawrence Rd.
    Sumner, Il. 62466

To: Richard S, Birkley (Warden of
    Illinois River Corr. Ctr.
    **(continue)**)

**PLEASE TAKE NOTICE,** on                  , I have filed in the United States District Court
for the Southern District of Illinois, an **original Complaint,** in the above referenced
matter.

Respectfully Submitted

*Bruce Giles*
Bruce Giles-~~Plaintiff~~

## CERTIFICATE OF SERVICE

I, Bruce  G i l e s, certify that I mailed said **orig. Complaint**  , to the places and parties
named above. I have done so by placing said documents in the U.S. mail here at the Lawrence
Corr. Ctr.,

Bruce Giles-**Plaintiff**
Reg.# K-96600
Lawrence Corr. Ctr.,
10930 Lawrence Rd.
Sumner, Il.62466