IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRUCE GILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 12-cv-00965-JPG-PMF |
| | ) |
| GLADYSE C. TAYLOR, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 91) of Magistrate Judge Philip M. Frazier with regard to Defendants' Motion for Summary Judgment (Doc. 73). Plaintiff's Objections to the R & R (Doc. 95) are timely filed.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). As Plaintiff has filed objections, the Court will review the R & R *de novo*.

Plaintiff Bruce Giles is an inmate with the Illinois Department of Corrections (IDOC) with a history of mental illness[1]. He suffers from schizoaffective disorder, anxiety, depression and has attempted suicide. The Court has no doubt that the plaintiff suffers from an objectively serious medical condition.

---

[1] The R & R outlines his medical treatment and prescription history so the Court will not repeat it here.

1

Count 1 of Plaintiff's complaint alleges that Defendants Salvador Godinez, Richard Birkey, Leonta Jackson, Ron Zessin, Randy Pfister, Michael Lemke, Marc Hodge, Mark Storm, and Randy Stevens were deliberately indifferent to Plaintiff's serious mental health needs. Count 2 alleges Defendants Randy Pfister, Michael Lemke, Marc Hodge, Mark Storm and Randy Stevenson failed to remedy the vermin infestation in Plaintiff's cell and Count 3 alleges that Defendants Marc Hodge, Mark Storm, and Randy Stevenson failed to protect the Plaintiff from an inmate attack that occurred in February of 2012.

The R & R recommends that Motion for Summary Judgment filed by Defendants Salvador Godinez, Richard Birkey, Leonta Jackson, Ron Zession, Randy Pfister, Michael Lemke, Marc Hodge, Rark Storm and Randy Stevenson be granted.

The Plaintiff's objections state that since Plaintiff's complaint survived review under 28 U.S.C. § 1915A, it should survive summary judgment and that his complaint should be view as "<u>Pattern, Practice, and Policy</u>" of deliberate indifference to Plaintiff's serious mental health needs. The objections go on to list the various exhaustion of administrative remedies which are not at issue in the R & R, but the Court perceives the information is provided as demonstrating Plaintiff's attempts at obtaining assistance and/or that the Defendants were aware of the issues and failed to take action.

Plaintiff also argues that deliberate indifference results from unlicensed psychiatric/mental health counselors and that only one licensed psychiatrist is available for three prisons. Having only one psychiatrist limits the amount of time the psychiatrist is available to spend with each patient and as such, puts all seriously mentally ill inmates at risk of harm or death. He also states that suicide prevention procedures are inadequate and that prison staff are not properly trained/instructed/supervised to deal with the mentally ill. He also argues that

mentally ill inmates should not be housed with non-mentally ill inmates as the non-mentally ill inmates do not understand, nor can they assist, with mentally ill inmates and that housing together can lead to such incidents as alleged in the complaint.

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

Mental health issues and adequate mental health care is a difficult area for the Courts to address since a treatment that may work for one patient may be insufficient for the next. Treating mental health professional are required to make difficult determinations with regard to the placement of mentally ill inmate and their placement among general prison population. The plaintiff received frequent mental health examinations; was prescribed psychotropic medications; and there were no indication that he was in an excessive risk while housed in segregation.

The Court has conducted a *de novo* review. The Plaintiff's Objections (Doc. 95) contain the same arguments[2] put forth in Plaintiff's Response (Doc. 80) to the Defendants' Motion for Summary Judgment. These arguments were addressed in the R & R and for the reasons stated in the R & R, the Court agrees that summary judgment is appropriate. As such, the Court hereby **ADOPTS** the Report and Recommendation (Doc. 91) in its entirety and **GRANTS** Defendants' Motion for Summary Judgment (Doc. 73).

---

[2] Plaintiff's objection state a single psychiatrist for three prisons and his response notes the limited on-on-one time available which the Court views as is essentially the same issue.

The Clerk of Court is **DIRECTED** to enter judgment according.

**IT IS SO ORDERED.**

**DATED:**  8/25/2015

              *s/J. Phil Gilbert*
              **J. PHIL GILBERT**
              **DISTRICT JUDGE**